OPINION
{¶ 1} Appellant James Johnson appeals his conviction and sentence for domestic violence in the Stark County Court of Common Pleas.
 {¶ 2} The Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} The relevant facts leading to this appeal are as follows:
 {¶ 4} In July, 2002, Appellant lived with his mother and stepfather. He had been living with them for about one year. (T. at 10).
 {¶ 5} On July 7, 2002, a family cookout took place at Appellant's mother's residence during which drinking and fighting occurred. (T. at 11-12).
 {¶ 6} At approximately 4:20 a.m. on July 8, 2002, police dispatch received a 911 call placed by Appellant's nine year old daughter who told police "Dad was beating up on Grandma." (T. at 73).
 {¶ 7} Upon arriving at the residence, police found Appellant's mother, Mary Blomgren, sitting at the kitchen table and crying. (T. at 51-52, 66-67). The officers observed multiple bruises on Blomgren's body. Upon inquiry, Blomgren told the officers that she was in the bathroom when Appellant opened the bathroom door and threw pots and pan at her. Appellant then followed Blomgren downstairs, grabbed her by the hair and threw her to the floor. (T. at 18).
 {¶ 8} The victim completed a written statement and signed and completed a domestic violence form. The officers also took photographs of the victim's injuries and called the paramedics.
 {¶ 9} Appellant was then arrested.
 {¶ 10} The Stark County Grand Jury subsequently indicted appellant on one count of domestic violence in violation of R.C. § 2919.25(A), a felony of the fifth degree.
 {¶ 11} Subsequent to a waiver of a trial by jury, the case proceeded to a bench trial on September 23, 2002. Appellant was found guilty of one count of domestic violence.
 {¶ 12} On October 28, 2002, the trial court sentenced appellant to two years of community control sanctions. Appellant was ordered to follow all rules and conditions of his probation, successfully complete an anger management course and was further order to have no contact with the victim unless such was approved by his probation officer and treatment provider.
 {¶ 13} Appellant timely appealed and herein raises the following sole Assignment of Error:
 ASSIGNMENT OF ERROR {¶ 14} "I. Appellant's Conviction For Domestic Violence, A Felony Of The Fifth Degree, Was Against The Manifest Weight Of The Evidence."
 I. {¶ 15} In his sole Assignment of Error, appellant contends that his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 16} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine, "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin
(1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 17} In support of his position, appellant states that the victim recanted her story at trial and testified that she was the aggressor and that Appellant did not assault her. (T. at 13-17, 30-35).
 {¶ 18} Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 19} Upon review of the transcript in this matter, we find that the trial court had before it the following: a tape of the 911 call from Appellant's nine year old daughter stating that her dad was assaulting her Grandmother; the victim's written statements from the night she stated she was assaulted by Appellant; photographs of the victim's injuries and testimony of the police officers concerning the events of July 7-8, 2002.
 {¶ 20} Based on the above, we find that the trier of fact did lose its way in convicting appellant.
 {¶ 21} Appellant's sole assignment of error is overruled.
 {¶ 22} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Gwin, P.J., and Wise, J., concur.